UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

HAROLD L. MATTHEWS,

       Plaintiff,

v.

MARGARET OUELLETTE,

       Defendant.

_____/

Case No. 1:16-CV-117

HON. GORDON J. QUIST

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

Plaintiff, Harold Matthews, a prisoner incarcerated with the Michigan Department of Corrections, sued Defendant, Margaret Ouellette, a Physician Assistant, pursuant to 42 U.S.C. § 1983 alleging that Ouellette was deliberately indifferent to Matthews's serious medical needs in treating a skin rash. Matthews also alleged that such conducted violated his due process rights under the Fourteenth Amendment. On May 19, 2017, Magistrate Judge Ray Kent issued a Report and Recommendation (R & R) recommending that the Court grant Ouellette's motion for summary judgment and dismiss Matthews's complaint with prejudice. The magistrate judge noted in the R & R that Matthews had not responded to Ouellette's motion.

Matthews filed an Objection to the R & R and an affidavit. Because it appeared that Matthews did not timely receive Ouellette's motion, the Court remanded the matter to the magistrate judge to consider whether Matthews's affidavit would have sufficed to defeat Ouellette's motion. (ECF No. 23). On February 14, 2018, the magistrate judge issued a Supplemental R & R (ECF No. 27) concluding that Matthews's affidavit did not alter the

analysis or require a different outcome. Therefore, the magistrate judge recommended that the Court adopt the initial R & R.

Matthews has filed an Objection to the Supplemental R & R, and Ouellette has filed a Response to Matthews's Objection.[1] (ECF Nos. 28, 32.)

Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Matthews's Objections, Ouellette's Response, and the pertinent portions of the record, the Court concludes that the R & R and the Supplemental R & R should be adopted and Ouellette's motion for summary judgment should be granted.

Matthews raises seven Objections and an "Overall Objection" to the R & Rs. Because the Objections are repetitive, the Court need only address Matthews's basic arguments.

First, Matthews argues that the treatment Ouellette provided him from July 17, 2014, through October 14, 2014, was merely exploratory "treatment which amounted to no treatment at all." (ECF No. 28 at PageID.854.) Matthews argues that Ouellette did not begin treating him until she ordered the punch biopsy in October 2014, and her delay in providing treatment caused a detrimental effect. This argument lacks merit. As the R & R lays out in detail, Ouellette ordered lab tests, instructed Matthews to apply lotion, provided hydrocortisone cream, and instructed Matthews in how to treat the rash. Regardless of how Matthews characterizes this treatment, his claim amounts to no more than a disagreement over treatment, which is insufficient to establish a claim under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S.

---

[1] Matthews also filed a document titled "Addendum/Affidavit of Harold Matthews." (ECF No. 30.) Recognizing the discretion it has to consider Matthews's second affidavit, the Court declines to do so as Matthews had an adequate opportunity to present his evidence to the magistrate judge. Regardless, the affidavit would not alter the Court's conclusion that Ouellette was not deliberately indifferent.

97, 107, 97 S. Ct. 285, 293 (1976) (disagreement over medical treatment does not make out a claim under the Eighth Amendment); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.").

Second, Matthews is simply wrong to suggest that there was a delay in treatment. The R & R sets forth in abundant detail the treatment Matthews received for his rash. As Matthews admits in his Objections, "[Ouellette] provided numerous ointments, lotions, and other items. . . ." (ECF No. 28 at PageID.855.) Again, Matthews's argument that, at the very outset of treatment, Ouellette should have had Matthews examined by a dermatologist, rather than attempting to treat him by other means herself, is simply a disagreement over treatment. The evidence demonstrates that Ouellette was not deliberately indifferent to Matthews's serious medical needs.

Finally, Matthews' argument about the accuracy of statements in his medical record about whether his rash began two or six years or, for that matter, at all, before he began receiving treatment in 2014 is irrelevant to his deliberate indifference claim. As the magistrate judge observed, "this alleged transcription error [about when Matthews began experiencing the rash] does not rise to the level of a federal constitutional claim. Even if both PA Ouellette and Dr. Davis mistakenly recorded this fact, they took extensive steps to treat the rash." (ECF No. 27 at PageID.847–48.)

Therefore,

**IT IS HEREBY ORDERED** that the May 19, 2017, Report and Recommendation (ECF No. 19) and the February 14, 2018, Supplemental Report and Recommendation (ECF No. 27) are **approved and adopted** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Objections (ECF Nos. 20 and 28) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 14) is **GRANTED**, and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

A separate judgment will enter.

This case is **concluded**.


Dated: April 2, 2018                             /s/ Gordon J. Quist
                                                 GORDON J. QUIST
                                                 UNITED STATES DISTRICT JUDGE